| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

United States District Court
Southern District of Texas
**ENTERED**
June 24, 2022
Nathan Ochsner, Clerk

Enyel Aroldo Guzman, §
　　　　　　　　　　　 §
　　　　Plaintiff, §
　　　　　　　　　　　 §
versus　　　　　　　　 §　　Civil Action H-21-2305
　　　　　　　　　　　 §
U.S. Immigration Department, §
　　　　　　　　　　　 §
　　　　Defendant. §

## Opinion and Order on Dismissal

1. *Background.*

　　Enyel Aroldo Guzman, a citizen of El Salvador, entered the United States without inspection in October 1999. On August 4, 2009, he was convicted in Texas for indecency with a child and was sentenced to 15 years in state prison. After the Department of Homeland Security charged him with being removable on August 15, 2010, he applied for asylum, withholding of removal, and relief.

　　On August 25, 2014, an Immigration Judge denied his requested relief and found him removable to El Salvador. He appealed the decision to the Board of Immigration Appeals (BIA), which agreed with the Immigration Judge and dismissed his appeal.

　　On July 14, 2021, Guzman filed a writ of habeas corpus petition to challenge the order of removal.

2. *Jurisdiction.*

　　The 2005 REAL ID Act removed federal district courts' jurisdiction over removal orders and designated appellate courts as the appropriate forums instead.[1] This court does not have jurisdiction over Guzman's claims, because it is not a court of appeals.

---

[1] *Rosales v. Bureau of Immigr. and Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005).

3. *Asylum Application.*

An alien must apply for asylum within one year of his arrival in the United States, unless there are extraordinary circumstances affecting the filing of an application.[2] Guzman did not file his application for asylum within one year of his arrival in the United States. Because this court lacks jurisdiction, it cannot review Guzman's claims that the Immigration Judge did not correctly evaluate his qualification for an exception to the one-year limitation.

4. *Administrative Remedies.*

Guzman must exhaust all administrative remedies before he can bring a habeas petition.[3] He claims that he will be harmed upon his return to El Salvador, because he deserted the MS-13 gang. He did not raise this claim before the Immigration Judge or BIA. Instead, he said he feared that he would be harmed because he was a sex offender. Because Guzman did not bring his current claim before the BIA, he did not exhaust all administrative remedies prior to judicial review.

5. *Withholding Removal and Protection.*

To qualify for withholding of removal and protection under the Convention Against Torture (CAT), Guzman must show that it is more likely than not he would be tortured by a person acting in an official capacity if removed to El Salvador.[4] Guzman has only claimed that he fears MS-13 will harm him, but has not said he fears that the El Salvador government will harm him. Because he did not claim that a Salvadoran official would have an interest in

---

[2] 8 U.S.C. §§1158(a)(2)(B); 1158(a)(2)(D).

[3] 8 U.S.C. § 1252(d)(1).

[4] 8 U.S.C. §1208.16(c)(2). *See also* 8 U.S.C. § 1208.18(a)(1).

torturing him upon his return, he does not qualify for withholding of removal and protection under CAT.

6. *Due Process.*

A governmental officer would violate Guzman's right to substantive due process if their action is arbitrary and shocks the conscience.[5] Guzman would be deprived of his procedural due process rights if he did not have an opportunity to be heard prior to his detention.[6]

Guzman has not specified an act by a governmental officer involved in his case so egregious as to shock the conscience. Guzman may also be detained beyond the removal period, and he has not shown that his procedural due process rights have been denied.[7]

7. *Failure to State a Claim.*

The federal habeas statute gives U.S. district courts jurisdiction to hear petitions for habeas relief only from people who are in custody at the time the petition is filed.[8] Guzman was not in the custody of U.S. Immigration and Customs Enforcement at the time he filed his claims because he was in the Texas Department of Criminal Justice's custody.

---

[5] *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998).

[6] *Matthews v. Eldridge*, 424 U.S. 319, 332-333 (1976).

[7] 8 C.F.R §§ 241.4, 241.13.

[8] *Gonzales-Luciano v. DHS*, No. 3:02-cv-2470, 2003 WL 21961352 at *1-2 (N.D. Tex, Aug, 15, 2003).

8. *Conclusion.*

Enyel Aroldo Guzman's claims against U.S. Immigration Department are dismissed for lack of jurisdiction and many other reasons. (8)

Signed on June 24, 2022, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Lynn N. Hughes
　　　　　　　　　　　　　　　　　　　　　United States District Judge